## WILL VENN V. THE STATE.

No. 16266.  Delivered January 24, 1934.
Rehearing Denied March 14, 1934.
Reported in 68 S. W. (2d) 1116.

The opinion states the case.

*Leo Hart,* of Gilmer, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The unlawful sale of intoxicating liquor is the offense; penalty assessed at confinement in the penitentiary for one year.

The indictment, containing several counts, appears regular and regularly presented.

A plea of guilty was entered.

The evidence heard before the trial court is not brought forward for review.

Nothing in the record has been perceived which would require discussion or authorize a reversal.

The judgment is affirmed.                    *Affirmed.*

ON APPELLANT'S MOTION FOR REHEARING.

HAWKINS, JUDGE.—The indictment contained three counts. The first charged the sale of intoxicating liquor, the second, possession of such liquor for the purpose of sale, and the third, transportation of such liquor. The motion for rehearing is predicated on the proposition that the verdict having found appellant guilty "as charged in the indictment," it is uncertain of what offense he was convicted.

There is no merit in this contention. Appellant entered a plea of guilty. The court instructed the jury that appellant was charged by indictment with the offense of selling intoxicating liquor and that he had entered a plea of guilty to that charge. The verdict will be referred to the only count in the indictment which was submitted, or to which appellant entered a plea. This was properly done in entering the judgment, which recited that appellant was guilty of *selling* liquor. We observe that both the judgment and sentence are defective in omitting the word "intoxicating" before the word "liquor." The judgment and sentence are reformed to show that appellant was adjudged guilty of the sale of intoxicating liquor and sentence therefor pronounced against him.

The motion for rehearing is overruled.

*Overruled.*